R. Rex Parris, SBN 96567
   rrparris@parrislawyers.com
Daniel Eli, SBN192019
   deli@parrislawyers.com
Kitty K. Szeto, SBN 258136
   kszeto A parrislavyers.com
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone: (661) 949-2595
Facsimile: (661) 949-7524

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff MICHAEL MILLER

Randolph P. Sinnott, SBN 107301
   rsinnott@mcclaw.com
**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**
550 South Hope Street, Suite 2350
Los Angeles, California 90071
Telephone: (213) 996-4200
Facsimile: (213) 892-8322

Randy M. Marmor, SBN 74747
   rmarmor@spcclaw.com
**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**
Two Embarcadero Street, Suite 1410
San Francisco, California 94111
Telephone: (415) 352-6200
Facsimile: (415) 352-6224

Attorneys for Defendant GREAT AMERICAN INSURANCE COMPANY

UNITED **STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| MICHAEL MILLER,<br><br>       Plaintiff,<br><br>   v.<br><br>GREAT AMERICAN INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>       Defendants. | Case No. 2:16-cv-07689-MWF (JPRx)<br><br>**STIPULATION AND CONFIDENTIALITY AGREEMENT** |

WHEREAS, defendant Great American Insurance Company ("Great American") and Plaintiff Michael Miller ("Miller") have in their possession DOCUMENTS', which they contend contain confidential, proprietary, trade secrets, or competitively sensitive business, commercial, financial or personal information and which have been requested in discovery in this lawsuit; and

WHEREAS, Great American and Miller (collectively hereinafter "the parties") desire to avoid controversy regarding the potential disclosure of the DOCUMENTS;

IT IS HEREBY AGREED by the parties to this action, through their counsel, that selected DOCUMENTS produced by Great American and Plaintiff may be marked "CONFIDENTIAL" and will be subject to the terms and conditions outlined in this Confidentiality Agreement. Great American and Plaintiff shall not blanket designate every DOCUMENT they produce in this case as CONFIDENTIAL.

1.      Unless agreed to in writing by counsel or otherwise ordered by the court, the DOCUMENTS and all information derived therefrom, shall be used only in connection with, in preparation for and/or during the trial of this action *Miller v. Great American Insurance Company,* United States District Court, Central District of California, Case No. 2:16-cv-07689-MWF (JPRx), and shall not be used for any other purpose whatsoever.

2.      The entry of this Stipulation and Confidentiality Agreement does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion. By entering this Stipulation and Confidentiality Agreement the parties do not waive their right to challenge the designation of any document as confidential.

/ / /

/ / /

---

[1] "DOCUMENT" and or "DOCUMENTS" mean "Writings" and "Recordings" as defined in the Federal Rules of Evidence, Rule 1001.

- 2 -

3.    The DOCUMENTS shall be treated as follows:

    a.    The DOCUMENTS and any copies, summaries, extracts, notes or memoranda relating thereto may be disclosed by counsel of record for the parties *only* to the following:

        (1)    The parties;

        (2)    Counsel of record for the Parties, and all affiliated attorneys, paralegals, stenographic and clerical employees of such counsel who work under the direct supervision of such counsel;

        (3)    Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this action but only to the extent such persons need such confidential information for that preparation;

        (4)    Witnesses, but only to the extent pertinent to their anticipated testimony;

        (5)    Mock jury participants;

        (6)    The court, court personnel, court reporters, and deposition officers;

        (7)    The jury selected for trial in this matter (if any); and

        (8)    Any other person under such terms as may be agreed by the parties in writing or as the court may hereafter order.

    b.    The parties and any expert or consultant hired by the parties for this matter to whom disclosure of the DOCUMENTS is made, shall be advised of this Confidentiality Agreement and, before disclosure is made, shall sign a document (a copy of which is attached as Exhibit A) manifesting that he or she agrees to abide by the terms of the Confidentiality Agreement. If the DOCUMENTS are provided to consultants and/or experts hired by the parties, such consultants and/or experts shall sign a copy of Exhibit A, and it shall be provided

- 3 -

to the other party at the time experts are designated in this case. The parties' counsel shall keep a list with the name of each consultant and/or expert hired by the parties who has signed a copy of the Confidentiality Agreement.

4.      Any party wishing to attach a DOCUMENT as an exhibit to any deposition in this action shall infoitii the court reporter or transcriber who reports or transcribes testimony about this Confidentiality Agreement before marking such document as an exhibit to the transcript.   With respect to any deposition testimony in which DOCUMENTS designated as confidential are discussed, at their option the parties may designate the corresponding portions of deposition transcripts as "CONFIDENTIAL." To do so, the parties may either:

    a.      identify on the record, before the close of the deposition, all confidential testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL;" or

    b.      if appropriate, designate the entirety of the testimony at the deposition as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript.

    c.      deposition transcript pages designated as "CONFIDENTIAL" shall be treated as if they were the DOCUMENTS.

5.      In the event that the DOCUMENTS or portions of transcripts designated as confidential are deposited with the Court or used in connection with any filing or proceeding in this action, the parties shall request and take the necessary measures to support a request that the DOCUMENTS be filed under seal unless otherwise agreed to by the parties.  Any such request must comply with Local Rule 79-5.

/ / /

/ / /

6.     This Confidentiality Agreement, its terms, the designation of a transcript as CONFIDENTIAL, or the fact that material is confidential shall not be admissible during trial and shall not be communicated to the jury.

7.     Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals:

        d.     The parties' counsel and any other person who has received material designated as confidential shall assemble and return to opposing counsel all material so produced, along with all copies, extracts, summaries and compilations thereof (except material constituting the work product of any counsel, which shall be kept confidential or destroyed). The parties shall select and arrange with a messenger service to pick up and return the DOCUMENTS to their counsel. Alternatively, the party in possession of the DOCUMENTS counsel may destroy the DOCUMENTS;

        e.     The parties' counsel will continue to protect the confidentiality of information contained in work product DOCUMENTS retained under (a) above until such DOCUMENTS have either been returned or destroyed.

8.     The execution of this Confidentiality Agreement shall not preclude any party from moving the court for protective orders in the course of this litigation. Nor shall it preclude the parties from moving the court, in full compliance with Local Rule 37, for an order that certain DOCUMENTS be deemed not subject to this Confidentiality.

9.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of any DOCUMENTS designated as CONFIDENTIAL, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of such DOCUMENTS

10.  Any Party to the action (or other person subject to the terms of this Stipulation and Confidentiality Agreement) may ask the Court, after appropriate notice to the other Parties and in compliance with Local Rule 37, to modify or grant relief from any provision of this Stipulation and Confidentiality Agreement.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Confidentiality Agreement shall not:

      f.    operate as an admission by any person that any particular DOCUMENT or testimony marked "CONFIDENTIAL" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

      g.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Confidentiality Agreement):

          (1)    to seek a determination by the Court of whether any particular DOCUMENT or testimony should be subject to protection as "CONFIDENTIAL" under the terms of this Stipulation and Confidentiality Agreement; or

          (2)    to seek relief from the Court on appropriate notice to all other Parties from any provision(s) of this Stipulation and Confidentiality Agreement, either generally or as to any particular DOCUMENT or testimony.

12.  In the event that one party objects to the other party's designation of any DOCUMENTS (or related deposition testimony) as "CONFIDENTIAL," that party's counsel shall advise opposing counsel, in writing, of such objections, the specific DOCUMENTS or related testimony to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). The party

- 6 -

asserting confidentiality shall have ten (10) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate subject Documents/testimony pursuant to any or all of the Designation Objections and/or (b) file a motion under Local Rule 37 with the Court seeking to uphold any or all designations on the subject Documents/Testimony addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents/Testimony at issue in such Motion shall remain in place. The party asserting confidentiality shall have the burden on any Designation Motion of establishing the applicability of its "CONFIDENTIAL" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents/Testimony shall be de-designated in accordance with the Designation Objection applicable to such material.

13.    This Confidentiality Agreement is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the Court.  No written modification will have the force or effect of a Court order absent the Court's approval.

14.    The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

Dated: January 6, 2017                                    PARRIS LAW FIRM


                                                         _____

                                                         DANIEL ELI

                                                         Attorneys for Plaintiff Michael Miller

- 7 -

Case No. 2:16-cv-07689-MWF (JPRx)
STIPULATION AND CONFIDENTIALITY AGREEMENT

Dated:  January 6, 2017                    SINNOTT, PUEBLA, CAMPAGNE &
                                           CURET, APLC


                                 By    _____
                                           RANDY M. MARMOR
                                           Attorneys for Defendant GREAT AMERICAN
                                           INSURANCE COMPANY



**IT IS SO ORDERED.**


DATED:  January 26, 2017


                                       _____
                                       JEAN P. ROSENBLUTH
                                       UNITED STATES MAGISTRATE JUDGE

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Confidentiality Agreement in the action entitled *Miller v. Great American Insurance Company,* United States District Court, Central District of California, Case No. 2:16-cv-07689-MWF (JPRx). I agree to be bound by the provisions of that Confidentiality Agreement with respect to any confidential material disclosed to me, and I specifically agree that I will not communicate, reveal, or use any confidential material except in accordance with the terms of the Confidentiality Agreement. I further agree to return any confidential material provided to me and all copies thereof to the party or counsel who provide such confidential material to me.

I declare under penalty of perjury that the following is true and correct.

Executed this day of     201 at

_____

(City. State)

_____

Signature